## HOLYCROSS v CARTER SECURITIES CORP

Ohio Appeals, 2nd Dist, Franklin Co

No 2209.  Decided Nov 22, 1932

Butler & Summer, Columbus, for plaintiff.

D. A. Thockmorton, Columbus, for defendant.

BY THE COURT

The plaintiff offered certain additional evidence which was objected to upon the ground that it had been agreed that the original transcript was to be offered in this court.  We think, however, there was no express agreement that no other evidence was to be offered and that therefore the evidence proposed has been properly admitted.  We have considered all the evidence and we find as follows:

That the defendant was a company doing a brokerage business, that on March 24th, 1930, Holycross visited the office of the defendant in response to an advertisement for salesmen and conferred with Mr. Carter, officer of the defendant.  No contract was made at this time.  Holycross left references and returned on March 25th and had a second interview.  Thereupon, Holycross was employed by Carter under a contract that Holycross was to receive fifty per cent (50%) of the gross commissions on sales "consummated by himself or on sales that he was instrumental in obtaining during the course of his employment."

It was also agreed that Holycross was to use his own discretion in procuring pros-

pects and was to work either in the field where he could have the help of Carter or he, Holycross, could send his customers into the office for the consummation of sales. Holycross was to have a weekly advance of $40.00 per week for four weeks, and Holycross was given the first advance of $40.00. The evidence further shows that on March 27th Holycross interviewed Lucy LaBlond at her residence. Holycross told her about his association and discussed with her Missouri-Kansas Pipe Line Company stock. In pursuance to an agreement Holycross returned March 31st and had a second interview with Mrs. LaBlond at her residence in respect to Missouri-Kansas Pipe Line Company stock and made an appointment for her to come into the defendant's office on April 3rd; that on March 31st Holycross told Carter about the interviews he had had with Mrs. LaBlond, and told Carter that Mrs. LaBlond stated that if she was satisfied with the character and class of men in the defendant's office she would purchase some Missouri-Kansas Pipe Line stock. Carter told Holycross that it was unnecessary for Holycross to remain in the office, that he would see Mrs. LaBlond when she came in.

The eviednce further shows that on April the 7th Holycross reported to the office of the defendant and was let out of his employment; that Mrs. LaBlond came to Carter's office some time before April 7th and had an interview in respect to the securities. Mrs. LaBlond was in Carter's office again on April 8th, and while no definite arrangement was made at this time for the purchase of securities there was a discussion of the subject matter between Carter and Mrs. LaBlond. The transaction was afterwards closed up by Mrs. LaBlond purchasing 100 shares of Missouri-Kansas Pipe Line Company stock.

We think the evidence fairly shows that this transaction with Mrs. LaBlond for the sale of the Missouri-Kansas Pipe Line Company stock was begun before the termination of the contract between the defendant and the plaintiff, Holycross, and that different stages of the same transaction occurred from time to time between Mrs. LaBlond and the defendant until the final consummation thereof on April 14th.

It appears that on or about April 7th the authority of Holycross to solicit sales was attempted to be terminated and the termination thereof was sent to the State Department for record. There is evidence in the record that on April 7th when the authority of Holycross was cancelled it was agreed that Holycross should have credit for any sales made to Mrs. LaBlond. We are clear that under the circumstances so shown in evidence Holycross is entitled to the benefit of sales of Missouri-Kansas Pipe Line stock subject to the advances made in favor of Holycross of $40.00 per week.

While there is a conflict of evidence we are clear that the proof on these propositions constitutes a finding of the facts stated.

The Court of Common Pleas found the net amount due Holycross was $230.00 with interest and we are clear that the same rule should apply in this court.

A judgment, therefore, is allowed in favor of Holycross and against the defendant, J. Eldred Newton, Inc., for said sum, with interest and costs.

Judgment accordingly.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.